# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AQUILES CONDE-SHENERY, | Civil No. 3:18-cv-929 |
| Plaintiff | (Judge Mariani) |
| v. | |
| C.O. SNOW, *et al.*, | FILED SCRANTON |
| Defendants | JUN 0 5 2019 |

PER_____ DEPUTY CLERK

## MEMORANDUM

### I. Background

On May 2, 2018, Plaintiff Aquiles Conde-Shenery ("Plaintiff"), a pretrial detainee who, at all relevant times, was housed at the Monroe County Correctional Facility, initiated the above-captioned action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are Benjamin Eyer, Radian Laylor, James Nunez, Robert Redmond, Nathanial Snow, and Joseph Fortunato. (*Id.* at p. 4). On June 19, 2018, Defendants Eyer, Laylor, Nunez, Redmond, and Snow filed an answer to the complaint. (Doc. 20). On June 26, 2018, Defendant Fortunato filed an answer to the complaint. (Doc. 27).

Presently pending before the Court is Plaintiff's motion for leave to file an amended complaint. (Doc. 76). For the reasons set forth below, the Court will grant Plaintiff's motion for leave to amend.

### II. Discussion

Pursuant to Federal Rule of Civil Procedure 15, a party may amend its pleading once

as a matter of course within 21 days of serving it, or 21 days after the service of a responsive pleading or motion under Rule 12(b), (e), or (f), whichever is earlier. FED. R. CIV. P. 15(a)(1). In all other circumstances, a party may amend its pleading only with the opposing party's written consent or with leave of court. FED. R. CIV. P. 15(a)(2). Rule 15 embodies a liberal approach to amendment and specifies that "leave shall be freely given when justice so requires." *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990); FED. R. CIV. P. 15(a)(1)(2). "An applicant seeking leave to amend a pleading has the burden of showing that justice requires the amendment." *Katzenmoyer v. City of Reading*, 158 F. Supp. 2d 491, 497 (E.D. Pa. 2001); *see Garvin v. City of Phila.*, 354 F.3d 215, 222 (3d Cir. 2003) (explaining that a plaintiff must show that the elements of Rule 15(c) are met in order to change the party or the naming of the party against whom claims are asserted). "The policy favoring liberal amendment of pleadings is not, however, unbounded." *Dole*, 921 F.2d at 487. Factors which may weigh against amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff's original complaint was filed on May 2, 2018. (Doc. 1). Defendants filed their answers to the complaint on June 19, 2018 and June 26, 2018. (Docs. 20, 27).

2

Plaintiff's motion for leave to amend was not filed until February 20, 2019, (Doc. 76), clearly past the time period allotted for filing an amended complaint as a matter of course. Plaintiff has not obtained the opposing parties' written consent thus, at this point, Plaintiff is required to request leave of court to file such a pleading. *See* FED. R. CIV. P. 15(a)(2).

As stated, a court need not grant leave to amend in the presence of bad faith, undue delay, undue prejudice, or futility. *See Diaz v. Palakovich*, 448 F. App'x 211, 215-16 (3d Cir. 2011) (citing *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). "Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008) (citation omitted). Even where there is no undue delay, prejudice to the non-moving party remains the touchstone for the denial of a motion to amend. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006). The Court must consider whether granting leave to amend the complaint "would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). An amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

The Court finds that accepting Plaintiff's proposed amended complaint would not

result in prejudice to the Defendants.[1] In the proposed amended complaint, Plaintiff names the six originally named Defendants and sets forth the same allegations against those Defendants. Plaintiff also seeks to add constitutional claims against five new Defendants, namely, Correctional Officer Kuebler, Stephanie Dullen, Barbara Forsness, PrimeCare, and Monroe City or Borough. The claims against these new Defendants relate to the same conduct in the original complaint. Plaintiff contends that he identified the new Defendants through discovery. Plaintiff did not exhibit any undue delay in filing his proposed amended complaint, nor did he act in bad faith or with improper motive. As such, Plaintiff's request for leave to file an amended complaint will be granted.

## III. Conclusion

Leave to amend should be liberally given "when justice so requires." FED. R. CIV. P. 15(a)(2). Plaintiff's proposed amended complaint will be accepted as filed. A separate Order shall issue.

Date: June ___, 2019

Robert D. Mariani
United States District Judge

---

[1] Defendants have not opposed nor moved to strike Plainitff's proposed amended complaint.

4